```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division


BRYAN RONE, #338354

                      Petitioner,

v.                                                       2:09CV23

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                      Respondent.
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On September 27, 2004, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of one count of possession of marijuana with intent to distribute, one count of possession of more than five pounds of marijuana with intent to distribute, two counts of possession with intent to sell or rent counterfeit recording devices, and two counts of maintaining a common nuisance.[1] Petitioner was sentenced to serve fifteen years imprisonment. Petitioner filed a notice of appeal to the Virginia Court of Appeals, but on May 6, 2005, the appeal was dismissed for failure to file a petition for appeal.

---

[1] In the brief in support of the motion to dismiss and Rule 5 answer, respondent incorrectly stated that petitioner was convicted of second-degree murder and use of a firearm in the commission of a felony.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Norfolk, claiming he was denied his right to appeal, through no fault of his own, and asking that his right to appeal be reinstated. On August 31, 2006, the Circuit Court granted the petition. On September 27, 2006, the Court of Appeals granted petitioner leave to file a belated appeal, but on May 30, 2007, the appeal was denied. Petitioner's subsequent appeal in the Supreme Court of Virginia was refused on November 20, 2007.

On January 12, 2009, petitioner filed a petition for writ of habeas corpus in federal Court, and on March 5, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges that his trial counsel was ineffective for the following reasons:

1. Counsel failed to move for pretrial discovery;

2. Counsel failed to move to suppress the affidavit supporting the search warrants for his home and business;

    a. counsel failed to obtain the affidavit by pretrial discovery and, therefore, was unable to impeach the investigating officer;

    b. counsel failed to discover or argue that the investigating officer made false statements to obtain the warrants;

    c. counsel failed to notice or argue that the affidavit did not establish probable cause to search petitioner's home;

3. Counsel failed to move to suppress evidence seized during the search of his home on the grounds that the police failed to knock before entering;

4. Counsel failed to raise double jeopardy arguments regarding the drug trafficking and counterfeit recording devise charges; and

5. Counsel failed to move to strike the evidence on the ground that the evidence failed to prove the minimum quantity of counterfeit DVD's and CD's necessary for a conviction.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

>     merits in State court proceedings unless the
>     adjudication of the claim--
>
>     (1) resulted in a decision that was contrary to,
>     or involved an unreasonable application of, clearly
>     established Federal law, as determined by the
>     Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an
>     unreasonable determination of the facts in light of
>     the evidence presented in the State court
>     proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

>     (b)(1) An application for a writ of habeas
>     corpus on behalf of a person in custody pursuant to
>     the judgment of a State court shall not be granted
>     unless it appears that--

4

>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>     . . . .
>
>     (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

### 1.  Claims 1, 2, 2(a), 2(b)

Claims 1 through 2(b) are essentially tied together. Petitioner alleges that counsel was ineffective for failing to move for pretrial discovery, (Claim 1), and as a result, counsel was unable to obtain a copy of the affidavit in support of the search warrants, (Claim 2). Petitioner also alleges that counsel was ineffective for failing to obtain the affidavit by pretrial discovery, and as a result, counsel was unable to impeach an investigator whose testimony was inconsistent with the affidavit, (Claim 2(a)). Finally, petitioner alleges that counsel failed to discover that the investigator made false statements to obtain the warrants, (Claim 2(b)).

Despite petitioner's allegations, the investigator testified at trial that he repeatedly saw Joseph Solomon (another suspect who was under surveillance) arrive at petitioner's place of business. (7/7/2004 Tr. at 24-25, 29-31.) The affidavit corroborates the investigator's

7

testimony that he saw Solomon at the store on numerous occasions. (Pet'r Ex. A at 7.) The Supreme Court of Virginia found that the record established that the investigator's testimony was not inconsistent with the affidavit. Rone v. Director, Va. S.Ct. Ord., Rec. No. 080008 at 2 (7/30/2008). The court also found, and this Court agrees, that in accordance with Strickland, counsel was not deficient for failing to attempt to impeach the investigator on this point. Furthermore, the court found that petitioner did not affirmatively show that he was prejudiced by counsel's failure to impeach the investigator. Rone, Rec. No. 080008 at 2. The Supreme Court's findings are neither contrary to nor an unreasonable application of federal law and is entitled to deference under § 2254. Williams v. Taylor, 529 U.S. 362, 403-13 (2000). The claims are without merit and should be DISMISSED.

Regarding Claim 2(b), petitioner also alleges that counsel was ineffective for failing to move to suppress the search warrants on the ground that the investigator made false statements in the affidavit in order to obtain the search warrants. Petitioner contends that the affidavit contradicts the investigator's testimony because the investigator did not testify regarding a cocaine purchase inside the store, while that testimony was used in support of the warrant. The testimony regarding the purchase of cocaine is irrelevant since petitioner was not charged with possession or distribution of cocaine, and the evidence would not have been admissible at trial under Virginia law. Bunting v. Commonwealth, 157 S.E.2d 204, 208 (Va. 1967). The Supreme Court of Virginia held that the fact that the Commonwealth's witness did not offer the irrelevant testimony at trial in no way shows that the investigator's testimony at trial was inconsistent with the affidavit or that the statements made in the affidavit were false. Rone, Rec. No. 080008 at 2-3. Additionally, defense attorneys are not required

8

to engage in the filing of futile motions. Moody v. Polk, 408 F.3d 141, 151 (4th. Cir. 2005)(citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984)). Counsel was not deficient for failing to make an attempt to impeach the investigator with irrelevant evidence. Strickland, 466 U.S. at 686. Furthermore, petitioner has failed to show how he was prejudiced by counsel's failure to attempt to impeach the investigator. Strickland, 466 U.S. at 693. The claim is without merit and should be DISMISSED.

### 3. Claim 2(c)

Petitioner alleges that counsel was ineffective for failing to move to suppress the evidence seized on the ground that the affidavit failed to establish probable cause. Petitioner argues that the affidavit only established probable cause to search his business and not his home. The affidavit established that petitioner was actively engaged in the business of selling drugs, and therefore, the magistrate was entitled to draw the reasonable inference that evidence of distribution could be found at petitioner's home, as well as his business. United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992). Furthermore, counsel is not required to file meritless motions. Moody, 408 F.3d at 151. Petitioner's claim fails to meet the first prong of Strickland since he has not shown that the affidavit was lacking in probable cause or that counsel was deficient in not arguing the issue. Petitioner also cannot show that a motion to suppress would have been granted, even if counsel had filed the motion. Accordingly, petitioner cannot show prejudice, and the claim fails under the second prong of Strickland. The claim is without merit and should be DISMISSED.

### 4. Claim 3

Petitioner alleges that counsel was ineffective for failing to file a motion to suppress the evidence seized at his home on the ground that the police failed to knock before entering. However, a motion to suppress is not a remedy for mere failure to knock before executing a valid search warrant. Hudson v. Michigan, 547 U.S. 586, 591-92 (2006). Furthermore, counsel is not required to engage in the filing of futile motions. Moody, 408 F.3d at 151. Counsel was not deficient for failing to file a meritless motion to suppress on this ground, therefore, petitioner's claim fails under the first prong of Strickland. The claim also fails the prejudice prong of Strickland, since petitioner has failed to assert any actual prejudice that resulted from trial counsel's failure to file a motion to suppress. The claim is without merit and should be DISMISSED.

### 5. **Claim 4**

Petitioner claims that counsel was ineffective for failing to move to dismiss the indictments for possession of marijuana with intent to distribute and possession of counterfeit recording devices on the ground that they violated his rights against double jeopardy. The prohibition against double jeopardy includes protection against multiple punishments for the same offense. North Carolina v. Pearce 395 U.S. 711, 717 (1969). In regulating multiple punishments, the "Double Jeopardy Clause does no more than prevent the sentencing court from proscribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366. Therefore, where the legislature intended "to impose multiple punishments, imposition of such sentences does not violate the Constitution." Id. at 368. Regarding petitioner's drug trafficking charges, the legislative intent is that each distinguishable incident of a drug offense constitutes a "unit of prosecution" for violation of the statute. Lane v. Commonwealth, 659 S.E.2d 553 (Va. 2008). The Supreme

10

Court of Virginia found that the drug convictions did not violate petitioner's right against double jeopardy because the convictions arose from separate, multiple incidents which occurred at petitioner's place of business and home. Rone, Rec. No. 080008 at 5. The court also found, and this Court agrees, that counsel was not ineffective for failing to argue a meritless motion. Rone, Rec. No. 080008 at 5. Finally, the Supreme Court found that petitioner failed to show that he was prejudiced by counsel's alleged failure. Rone, Rec. No. 080008 at 5. The court's findings are neither contrary to nor an unreasonable application of federal law and is entitled to deference under § 2254. Williams, 529 U.S. at 403-13.

Regarding possession of counterfeit recording devices, the charges did not stem from the same act or transaction, rather they concerned distinguishable incidents, one involving a large quantity of counterfeit DVD's and one involving a large quantity of counterfeit CD's. Therefore, there was no double jeopardy violation, and counsel was not deficient for failing to argue otherwise. Hunter, 459 at 368; Moody, 408 F.3d at 151. The Supreme Court of Virginia found, and this Court agrees, that petitioner's claim cannot stand under either prong of Strickland, because he failed to show that counsel's performance was deficient or that but for the alleged errors, the result of the proceeding would have been different. Rone, Rec. No. 080008 at 5. The court's findings are neither contrary to nor an unreasonable application of federal law and are entitled to deference under § 2254. Williams, 529 U.S. at 403-13. The claim is without merit and should be DISMISSED.

### 7. **Claim 5**

Petitioner alleges that counsel was ineffective for failing to argue that the evidence was insufficient to support his convictions for possession of counterfeit recorded devices with intent to distribute,

11

(Claim 5).  Petitioner argues that the evidence at trial showed that he was only in possession of 100 counterfeit CD's and DVD's but that he was convicted of possessing more than 100 counterfeit CD's and more than 20 counterfeit DVD's.  However, the evidence at trial established that petitioner possessed approximately 268 counterfeit CD's and 56 counterfeit DVD's, which were offered for sale at his store. (7/7/2004 Tr. at 51.)  The amount presented at trial was more than sufficient to establish the statutory amounts necessary for a conviction.  VA. CODE ANN. § 59.1-41.6.  Counsel was not deficient for failing to challenge the sufficiency of the evidence, and therefore, petitioner's claim fails under the first prong of <u>Strickland</u>.  Petitioner has failed to assert any actual prejudice that resulted from trial counsel's failure to file a motion to strike, therefore, his claim also fails the prejudice prong of <u>Strickland</u>.  The claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations

12

within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                  /s/
                              **James E. Bradberry**
                              **United States Magistrate Judge**

**Norfolk, Virginia**

**April 30, 2009**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Bryan Keith Rone, #338354, <u>pro</u> <u>se</u>
    Augusta Correctional Center
    1821 Estaline Valley Rd.
    Craigsville, VA  24430


    Josephine Whalen, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219


                      Fernando Galindo, Clerk


          By _____
                        Deputy Clerk

                _____, 2009