**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



BRYAN RONE, #338354

        Petitioner,

v.                                  2:09CV23

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on September 27, 2004, in the Circuit Court for the City of Norfolk, Virginia, for one count of possession of marijuana with intent to distribute, one count of possession of more than five pounds of marijuana with intent to distribute, two counts of possession with intent to sell or rent counterfeit recording devices, and two counts of maintaining a common nuisance. As a result of the convictions, petitioner was sentenced to serve fifteen years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on April 30, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on June 12, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the phrasing of Section B of the report and recommendation entitled "Grounds Alleged," the objection is irrelevant and without merit. The language to which petitioner objects, "trafficking," refers generically to the nature of petitioner's conduct. The record established that petitioner was "trafficking," and the use of the term, as set forth in the report and recommendation, is appropriate. Further, double jeopardy arises from being charged with the same offense twice, not being charged with two acts of the same criminal conduct.

To the extent that petitioner objects to the Magistrate Judge's findings regarding Claims 1 and 2(b), the objection is without merit. While defense counsel may have failed to move for pretrial discovery, the Supreme Court of Virginia determined that the investigator testified in conformity with the search warrant affidavit. The court's finding, which is entitled to consideration by this Court, established that while counsel may have failed to obtain the affidavit before trial, petitioner did not suffer prejudice from counsel's failure. The "key witness" to whom petitioner refers was not a key witness. Petitioner was not charged with any offenses involving cocaine, nor was evidence of the purchase admitted in evidence.

Petitioner seeks to compare the trial transcript with the affidavit. However, the affidavit was the subject of extensive questioning at trial, and the Supreme Court of Virginia expressed its opinion that the investigator's testimony was consistent with the search warrant affidavit. Given the investigator's credibility, it is not for this Court to retry the case by parsing the words of a transcript versus an affidavit.

To the extent that petitioner objects to the manner in which the search was conducted, the objection is without merit. Petitioner was found to be in possession of a large amount of marijuana and two guns in the home. The scope of petitioner's activities create an exigency that a police officer must deal with in the performance of his duties and to protect his fellow officers. There was simply no basis for a motion to suppress.

Petitioner's double jeopardy arguments are without merit because they are premised upon the necessity of combining offenses of like nature. However, that is not the case, and each individual act or event may be prosecuted independently. Petitioner was tried on a range of criminal activities in which he participated through a number of individual crimes, and he was not subjected to double jeopardy. The Supreme Court of Virginia found no basis for such a claim, and the record supports the determination by the Supreme Court.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing

of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge

**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

July 9, 2009